

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        CRIMINAL NO. 18-20663

vs.        HONORABLE JUDITH E. LEVY

        VIOLATIONS: 18 U.S.C. § 371
                          18 U.S.C. § 666(a)

D-2    GABRIEL LELAND,

        Defendant.
_____/

## FIRST SUPERSEDING INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

1.    At all times relevant to this Indictment, **GABRIEL LELAND** was an elected member of the Detroit City Council and an agent of the City of Detroit, Michigan. **LELAND** was a member of Council's Planning and Economic Development Standing Committee, where he served as its chairperson.

2.    At all times relevant to this Indictment, Detroit, Michigan was a local government entity that received federal assistance in excess of $10,000 in a one-year period from the dates of the charged offenses.

1

3. All of the overt acts in this Indictment occurred in the Eastern District of Michigan.

## COUNT ONE

(18 U.S.C. §§ 371 & 666(a) – Bribery Conspiracy
Concerning Programs Receiving Federal Funds)

**D-2   GABRIEL LELAND**

## THE CONSPIRACY

1. From in or about May 2017, through August 2017, in the Eastern District of Michigan, Southern Division, defendant **GABRIEL LELAND** did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree, with Elisa Grubbs to corruptly solicit and demand for the benefit of any person, and accept and agree to accept, thousands of dollars and other items of value, with the intent to influence and reward **GABRIEL LELAND** in connection with a business, transaction, or series of transactions of the City of Detroit, Michigan, involving $5,000 or more, namely, a land sale transaction, in violation of Title 18, United States Code, Section 666(a).

## MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

2. It was part of the conspiracy that **GABRIEL LELAND** would have discussions with a local business owner ("the Business Owner") about a land sale transaction that the Business Owner did not want to occur involving property the

Business Owner believed was his and which was going to be sold by the City of Detroit (hereinafter, "the property").

3. It was further part of the conspiracy that **GABRIEL LELAND** would offer to delay or prevent the sale of the property by using his official position as a member of the Detroit City Council, including by casting votes to delay or prevent the sale, in exchange for payment of $15,000 and free auto body work by the Business Owner.

4. It was further part of the conspiracy that **GABRIEL LELAND** agreed to accept $15,000 in cash and free auto body work from the Business Owner in exchange for **LELAND** using his position as a member of City Council to delay or prevent the sale of the property.

5. It was further part of the conspiracy that **GABRIEL LELAND** would direct his co-conspirator, Elisa Grubbs, to meet with the Business Owner to collect $7,500 in cash for Grubbs to deliver to **LELAND** as partial payment for **LELAND's** assistance.

## OVERT ACTS

In furtherance of the unlawful conspiracy, and to effect its objectives, the co-conspirators committed the following overt acts, among others:

6. On May 12, 2017, **LELAND** had a telephone conversation with the Business Owner, during which **LELAND** assured the Business Owner that **LELAND** was holding up the sale of the property. **LELAND** stated, "I held it up again. Yeah. Yeah, it stayed, stayed right, right in committee brother." Later in the conversation, **LELAND** chided the Business Owner, stating, "You didn't show up to my fundraiser."

7. On May 16, 2017, **GABRIEL LELAND** met with the Business Owner and discussed helping the Business Owner by delaying or preventing the sale of the property by the City of Detroit, in exchange for $15,000. During this meeting, **LELAND** told the Business Owner, "I should ask for thirty [*thousand dollars*] but I'm nice to you."

8. At the same meeting on May 16, 2017, **GABRIEL LELAND** solicited free auto body work from the Business Owner, which the Business Owner arranged and paid for.

9. On June 8, 2017, during a meeting of the Planning and Economic Development Standing Committee, **GABRIEL LELAND** cast the sole vote against placing the sale of the property on the agenda of the Detroit City Council.

10. On June 13, 2017, during a regular session of the Detroit City Council, **GABRIEL LELAND** once again cast the sole vote against the sale of the property by the City of Detroit.

11. On August 2, 2017, at the direction of **GABRIEL LELAND**, Elisa Grubbs met with the Business Owner at his place of business. During this meeting, the Business Owner and Grubbs discussed the fact that the Business Owner was willing to give **LELAND** $15,000 if **LELAND** helped prevent the sale of the property.

12. On August 4, 2017, **GABRIEL LELAND** spoke on the telephone with the Business Owner. **LELAND** told the Business Owner that **LELAND** trusted Grubbs and that the Business Owner should give her the money.

13. On August 4, 2017, at the direction of **GABRIEL LELAND**, Elisa Grubbs met with the Business Owner and accepted $7,500 in cash.

14. On August 4, 2017, Elisa Grubbs gave the $7,500 in cash to **GABRIEL LELAND**.

15. On August 9, 2017, **GABRIEL LELAND** met with the Business Owner at the Caucus Club in downtown Detroit. **LELAND** told the Business Owner that he received the $7,500 cash from Grubbs, but that the Business Owner never gave Grubbs the second half of the $15,000.

16. At the same meeting on August 9, 2017, the Business Owner expressed concerns about dealing with Grubbs, whom he did not know. **GABRIEL LELAND** responded, "No, but you can f***in' trust me. That's all that matters."

All in violation of Title 18, United States Code, Sections 371 and 666(a).

## COUNT TWO

(18 U.S.C. § 666(a) – Bribery Concerning Programs Receiving Federal Funds)

**D-2    GABRIEL LELAND**

On or about August 4, 2017, in the Eastern District of Michigan, Southern Division, defendant **GABRIEL LELAND** did unlawfully and corruptly accept and agree to accept $7,500 in cash from the Business Owner, with the intent to be influenced and rewarded in connection with a business, transaction, or series of transactions of the City of Detroit, Michigan involving $5,000 or more, namely, a land sale transaction.

All in violation of Title 18, United States Code, Section 666(a).

## COUNT THREE

(18 U.S.C. § 666(a) – Bribery Concerning Programs Receiving Federal Funds)

**D-2    GABRIEL LELAND**

On or about May 16, 2017, in the Eastern District of Michigan, Southern Division, defendant **GABRIEL LELAND** did unlawfully and corruptly accept and agree to accept free auto body repairs from the Business Owner, with the intent to be influenced and rewarded in connection with a business, transaction, or series of transactions of the City of Detroit, Michigan involving $5,000 or more, namely, a land sale transaction.

All in violation of Title 18, United States Code, Section 666(a).

                                                THIS IS A TRUE BILL

                                                *s/Grand Jury Foreperson*
                                                GRAND JURY FOREPERSON

MATTHEW SCHNEIDER
United States Attorney


*s/R. Michael Bullotta*                      *s/Steven P. Cares*
R. MICHAEL BULLOTTA           STEVEN P. CARES
Assistant United States Attorney     Assistant United States Attorney


Dated: October 4, 2018

7

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>18-20663 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]:<br>☐ Yes  ☒ No | Judge Assigned:<br>AUSA's Initials: RMB |

Case Title: USA v. D-2 GABRIEL LELAND

County where offense occurred : Wayne

Check One:   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____ Indictment/____ Information --- **no prior complaint.**
____ Indictment/____ Information --- **based upon prior complaint** [Case number: ____ ]
_✓_ Indictment/____ Information --- **based upon LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: 18-20663           Judge: Judith E. Levy

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| Defendant name | Charges | Prior Complaint (if applicable) |
|---|---|---|
| Gabriel Leland | 18 USC 371 and<br>18 USC 666(a) | N/A |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

October 4, 2018
Date

R. MICHAEL BULLOTTA
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9507
Fax:   313-226-3413
E-Mail address: Michael.Bullotta@usdoj.gov
Attorney Bar #: 163401 (California)

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.